Catron, Ch. J.
delivered the opinion of the court.
A preliminary question arises in this cause, whether the appeal granted in the chancery court was regular, because it was taken from a decree ordering an account, until which made and affirmed, no execution could affect the property of the appellants. Whether this was a decree from which an appeal could be prosecuted, depends principally upon our acts of assembly, and the practice under them. The first act authorising appeals in chancery causes, is that of 1819, ch. 31. It simply allows an appeal, and provides that the whole cause in the supreme court shall be re-examined. Previous to this act, appeals in the nature of writs of error only lay. The act was supposed to be governed by the rules of construction, applied to appeals from the county to the circuit courts, where an appeal did not lie, until final judgment, or decree, in causes at Jaw, and in cases of partition, &c. The practice of the circuit courts, generally, has been not to grant the appeal until the decree was ready for execution.
By the act of 1822, ch. 13, chancery courts were established. The 4th section provides, that appeals and writs of error shall lie to the supreme court, which shall not possess original jurisdiction. The 14th chapter amends the preceding.; the 3d section of which declares the supreme court shall finally hear the cause, upon the judgments, orders and decrees, and proofs heard below. The act of 1824, ch. 14, makes no material alteration in this respect, other than the 4th section authorizes the judges of the 'supreme court to make rules ⅝ to bringing up and filing of records. In compliance *158 with this provision, the 60th rule was made in 1825, which declares, that when a cause shall have beenfinally decided in the chancery court, and an appeal prayed and granted, a complete transcript of the orders, decrees and proofs shall be sent up by the cleric, and the cause shall be re-examined upon the transcript. And no proof of any land shall be read in the appellate court, unless it is in the record of the court below. To comply with the acts of 1822 and 1824, depriving this court of original jurisdiction, it was thought indispensable to cut off new proof that might make out an original cause in this court.
The objects of the acts were, that this court should re-examine what the chancellor had done, throughout the whole cause. The act of 1827, ch. 79, recognized the previous practice, by conferring on the chancellors the powers previously exercised by the judges of the supreme court, when acting as chancellors.
It is contended for the appellants, that the practice generally pursued, of only appealing from a decree after it had been ordered to be executed, had not received the sanction of this court, or been objected to heretofore, and that upon principle and authority it was erroneous. It is admitted an appeal does not lie, save from a final decree, but it is insisted the decree below in this cause was final, within the meaning of the New York and English authorities. Were this the case, still it would be our duty to construe our own acts of assembly, and comply with the intention of the legislature, if free from doubt. It is insisted the acts are not free from doubt and uncertainty in this respect; which we admit to be true, and for this reason it was, the chancellor who decided this cause below, now one of the judges of this court, granted the appeal to settle the practice.
On examining the authorities referred to, we think they are in accordance with the general practice of the chancery and circuit courts, not to allow an appeal un *159 til the decree below is ready for execution. What a final decree is, has been well laid down by Harrison, (Ch. P. 1 vol. 420, 21, 22,) who does not suppose a decree final, until after the account be taken, passed upon and confirmed. The same doctrine is laid down in 3d Bl. Com. 452-3. The decree stands on the foot of a judgment when final, and if the appeal were dismissed from this court, it should be in a situation to be executed below; were it otherwise, a party might by appeal, delay the cause in this court, until the evidence to establish demand of the other party had been destroyed, and then dismiss his appeal; or should this court affirm, it must remand it to the court below for an account to be taken, pursuant to the act of 1809, ch. 49, sec. 27. During the future progress of the cause, the parties of course would be entitled to a second appeal, if either was dissatisfied. This is certainly an evil to be avoided as far as may be.
O. B. Hayes, for complainant.
F. B. Fogg, for defendants.
It is true, as alleged by the counsel of appellant, that in some causes long accounts will be taken below, at much trouble and expense, and when the cause comes here, the defendant will not be liable to account, and the bill be dismissed after much useless costand trouble; but the legislature had to choose of evils, and we think they took the least.
As to the causes cited from 12 John. Rep. 509-10; and 17 John. Rep. 559, we do not believe they conflict with the British authorities, or our conclusions as to what is a final decree.
We therefore think this appeal was irregularly granted, and remand the cause to the chancery court to be proceeded in.
Cause remanded.